588 F.2d 100
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nino Rinsi CADENA, Pedro A. Ballesteros Esquebel, Gilberto
Yepes Borjas, Cesar Dela Rosa, Narciso Barba Cadena, Daniel
Garcia Gomez, Efrain Carreazo Cardales, Pedro Ruiz Arrieta,
Jorge Lopez Wagner, Nicanor Rivera Diaz, Alajandro Valle
Mantaress, Andres Gomez Ortega, and Francisco M. Ceba Bruno,
Defendants-Appellants.
 No. 77-5395.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 16, 1979.
 
 Philip Carlton, Jr., Miami, Fla., Thomas A. Wills, for defendants-appellants.
 Jack V. Eskenazi, U. S. Atty., Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., Mervyn Hamburg, Atty., Appellate Sect., Criminal Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 ON PETITION FOR REHEARING
 Before SKELTON*, Senior Judge, FAY and RUBIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 On petition for rehearing petitioners have given us the opportunity to amplify and explain our holding regarding the warrantless search of the Labrador when probable cause existed several days prior to the search and there was obviously, in this interval, ample time to obtain a warrant.[1]
 
 
 2
 Although in this case the attempted flight of the vessel created exigent circumstances, which, coupled with the prior probable cause, justified the subsequent warrantless search, we are not unmindful that in most cases a vessel carrying an illegal cargo will endeavor to evade capture, thus creating exigent circumstances. Except for the type of boarding and search authorized by our en banc opinion in United States v. Warren, 5 Cir. en banc 1978, 578 F.2d 1058,[2] the Coast Guard does not have plenary authority to search vessels on the high seas. When it has prior probable cause for the search sufficient to support a warrant, a warrant should be obtained; law enforcement officers should not rely on the possibility that the vessel will create, or that their attempt to apprehend it will provoke, exigent circumstances.
 
 
 3
 When dealing with automobiles we have said that the test for warrant-necessity must be applied when the search is made; granted probable cause and urgency at that moment, the prior ability to obtain a warrant is immaterial. See United States v. Mitchell, 5 Cir. en banc 1976, 538 F.2d 1230. This conclusion is supported by dicta in the majority opinion in Cardwell v. Lewis, 1974, 417 U.S. 538, 595, 94 S.Ct. 2464, 2472, 41 L.Ed.2d 325.
 
 
 4
 However, just as there are similarities in the mobility of automobiles and vessels, there are differences in their uses. Save for the ever-increasing number of vacation vehicles and mobile homes, motor vehicles are not designed to be used as residences. The ship is the sailor's home. There is hardly the expectation of privacy even in the curtained limousine or the stereo-equipped van that every mariner or yachtsman expects aboard his vessel.
 
 
 5
 Even as there is a greater expectation of privacy aboard a vessel, there are characteristics of ships at sea that make it difficult to apply traditional warrant requirements to them. The sea is boundless and vessels may travel in any direction with none to observe them. The exact location of a vessel at any time may be difficult to pinpoint. While it would be easy in a warrant application to describe the vessel, it would be difficult, as the facts here show, to state where and when it will be searched.
 
 
 6
 We have concluded that the inherent mobility of a vessel on the seas justifies the analogy we have drawn from the automobile cases, See United States v. Weinrich, 5 Cir. 1978, 586 F.2d 481; we also conclude that the increased measure of privacy that may be expected by those aboard a vessel mandates careful scrutiny both of probable cause for the search and the exigency of the circumstances excusing the failure to secure a warrant. While we have no doubt that there were both sufficient probable cause and urgency in this case, our opinion does not imply that a warrantless search of a vessel at sea will ipso facto be judicially approved. The Supreme Court has declined as yet to carve out an exception to the Fourth Amendment warrant requirement for automobiles; we decline to create one for vessels.
 
 
 7
 Finally, we note that our opinion concerns only the reasonableness of acts to enforce the criminal laws of the United States. We touch in no way on the powers and duties of the executive branch with respect to domestic security or national defense.
 
 
 8
 IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.
 
 
 
 *
 Senior Judge of the United States Court of Claims, sitting by designation
 
 
 [1]
 We recognize that there may be some difficulties in obtaining a warrant for a vessel search beyond the territorial waters of the United States, See Fed.R.Crim.P. 41(a), and we express no opinion as to the proper procedure. See Berlin Democratic Club v. Rumsfeld, D.D.C.1976, 410 F.Supp. 144, 160
 
 
 [2]
 In Warren we approved the boarding of a United States vessel to examine it for safety and documentation purposes, and "to look for obvious customs and narcotics violations," 578 F.2d at 1065, as well as the subsequent search